# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALFONZO DELGADO-PAZ, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:11-CR-19-TCB-JSA-2 |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:14-CV-54-TCB-JSA |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Alfonzo Delgado Paz filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Movant seeks to challenge the constitutionality of his sentence, which was imposed on December 20, 2011, following a guilty plea entered in the Northern District of Georgia.[1]

---

[1] Prior to serving as a U.S. Magistrate Judge, the undersigned served as an Assistant U.S. Attorney ("USAO") in the same office that prosecuted Movant, from approximately 2004 through June 1, 2012. The undersigned served as deputy chief of the economic crime section of the USAO for some of that period. The undersigned recalls no personal or supervisory involvement over defendant's case.

Although no request for recusal has been made, the undersigned will briefly explain why he has not recused *sua sponte*. Title 18 U.S.C. § 455(b)(3) requires a judge who previously served in government to recuse only if the judge actually participated in the case. *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995). In other words, "a judge is not subject to mandatory disqualification based on the mere fact that another lawyer in his prior government office served as an attorney on the matter." *United States v. Champlin*, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005). Several courts have held that "an Assistant United States Attorney is only disqualified from cases on which he or she actually participated." *Id.* (citing

I.   Procedural History

On October 6, 2011, Movant entered into a negotiated guilty plea in the Northern District of Georgia to one count of conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), and was sentenced on December 20, 2011, to ninety-six months of imprisonment to be followed by five years of supervised release. (Docs. 65, 89). The Eleventh Circuit dismissed Movant's appeal on June 1, 2012, based on the appellate waiver contained in his plea agreement. (Doc. 112). Movant did not seek a petition for certiorari with the United States Supreme Court.

---

*United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); *Mangum*, 67 F.3d at 83 (same); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) (same). "[T]he same rule applies to former supervisors in the United States Attorney's office; § 455(b)(3) requires recusal only when the supervisor actually participated in a case." *Champlin*, 388 F. Supp. 2d at 1181; *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988). As the undersigned was uninvolved in this case and otherwise perceives no ground for recusal, the Court does not *sua sponte* find that recusal is warranted.

2

Movant executed the instant *pro se* § 2255 motion on January 2, 2014. (Doc. 116).[2] In the motion, Movant raises three grounds of ineffective assistance of trial counsel and also claims that he did not voluntarily enter into his plea. (*Id.*). Respondent argues that the § 2255 motion is untimely. The Court agrees.

II.   Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject

---

[2] Under the mailbox rule, motions are considered filed at the time they are delivered to prison authorities (*i.e.*, signed) for forwarding to the courts. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding appeal was filed at the time the petitioner delivered it to prison authorities); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (extending the mailbox rule to § 2255 motions).

3

to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks and citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is not entitled to relief in connection with his claims. Thus, no evidentiary hearing is required.

4

III.   Analysis

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the event governing the one-year limitation period is the date Movant's conviction and sentence became final. Movant's appeal was dismissed by the Eleventh Circuit on June 1, 2012, and he had ninety days to file a petition for certiorari with the United States Supreme Court. Having failed to file a petition for certiorari, Movant's conviction became final at the end of that ninety-day

5

period, or on August 30, 2012. *See Jeffries v. United States*, 748 F.3d 1310, 1313-14 (11th Cir. 2014) (finding where the movant did not seek a petition for certiorari with the Supreme Court, his convictions became final ninety days after the Eleventh Circuit affirmed them); *Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) ("[E]ven when a prisoner does *not* petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari.") (emphasis in original). Petitioner had until August 30, 2013, to file the instant § 2255 motion. Petitioner's § 2255 motion, filed four months later on January 2, 2014, is therefore untimely.[3]

IV.  Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant's motion to vacate sentence [Doc. 116] be **DENIED**.

V.  Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order

---

[3] Although the one-year limitation period in § 2244(d) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), Movant does not present any facts indicating that he seeks equitable tolling or any extraordinary circumstances such that equitable tolling would apply.

6

adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion.  *See id.*  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325).  In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's claims are time-barred. *See Slack*, 529 U.S. at 484.

7

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 29th day of July, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)